# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-3138

_____

Beatrice Hudson,                            *
                                            *
            Appellant,                      *
                                            *
    v.                                      *    Appeal from the United States
                                            *    District Court for the
Pinnacle Teleservices,                      *    Southern District of Iowa.
                                            *
            Appellee,                       *    [UNPUBLISHED]
                                            *
Janice Cotton; Amer Morris; Steve           *
Harrison; Travis Taylor; David Hovet,       *
                                            *
            Defendants.                      *

_____

Submitted: May 30, 2006
Filed: June 13, 2006

_____

Before ARNOLD, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

As a sanction for her conduct during discovery, the district court[1] assessed attorney's fees and costs against Beatrice Hudson and dismissed her employment-discrimination action with prejudice. We affirm.

We find no abuse of discretion in the award of attorney's fees and costs to appellee for Hudson's failure to appear at February 1, 2005 depositions. Hudson had subpoened the two witnesses for the depositions, had arranged for the court reporter, and had asked the court to pay the requisite expenses; yet she neither appeared at the depositions, nor notified any relevant parties that she would not be attending. See Fed. R. Civ. P. 30(g) (district court may order party who gave notice of deposition but failed to attend to pay reasonable expenses incurred by other party in attending, including reasonable attorney's fees); Greenwood v. Dittmer, 776 F.2d 785, 790-91 (8th Cir. 1985) (reviewing Rule 30(g) awards for abuse of discretion).

We also find no abuse of discretion in the dismissal of the action. After being warned that she must provide complete Federal Rule of Civil Procedure 26(a) disclosures relating to her damages or suffer dismissal, Hudson never thereafter responded with additional information about her damages, and maintained at her deposition that she had provided enough information about her damages. See Schoffstall v. Henderson, 223 F.3d 818, 823 (8th Cir. 2000) (under Fed. R. Civ. P. 37(b)(2), district court may dismiss action as sanction for failure to comply with discovery orders if there is order compelling discovery, it is willfully violated, and other party is prejudiced; reviewing Rule 37 sanctions for abuse of discretion). We agree with the district court that Hudson's actions prejudiced appellee's ability to prepare a summary judgment motion or for trial, see id. at 824 (plaintiff's failure to comply with discovery order regarding medical releases prejudiced defendant because defendant spent time needed to complete discovery and prepare for trial on

---

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa, adopting the report and recommendations of the Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa.

"hounding" plaintiff for releases), and that lesser sanctions would have proven futile given Hudson's deposition testimony that she would continue to withhold evidence until trial, see Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 941 (8th Cir. 2001) (district court does not have to impose least onerous sanction, but may choose most appropriate sanction under circumstances).

      Accordingly, we affirm.

_____